UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN N. BOLTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DARREL G. ADAMS,<br><br>　　　　Defendant. | No.  2:14-cv-0829 KJM DAD P<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a former state prisoner proceeding pro se with a civil rights action filed pursuant to 42 U.S.C. §1983, together with a strikingly incomplete request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (see ECF No. 5).  Moreover, plaintiff has used the in forma pauperis form reserved for prisoner plaintiffs.  However, because review of plaintiff's complaint demonstrates that this action is frivolous and fails to state a potentially cognizable claim for relief, the undersigned will recommend dismissal of this action without requiring that plaintiff submit the appropriate form for seeking in forma pauperis status.

　　　　In actions where the plaintiff seeks to proceed in forma pauperis, the court may dismiss the action at any time if it determines that the action is frivolous or fails to state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  A claim is frivolous if based on an

1  indisputably meritless legal theory or because the underlying factual contentions are clearly
2  baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim,
3  however inartfully pleaded, has any arguable legal and factual basis.  See Jackson v. Arizona, 885
4  F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.  A determination that an action fails to
5  state a claim upon which relief may be granted is appropriate when it is clear that "no relief could
6  be granted under any set of facts that could be proved consistent with the allegations." Hishon v.
7  King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-6 (1957)).

8      In his form complaint filed with this court, plaintiff states that he is suing the Warden of
9  California State Prison-Corcoran, Mr. Darrel G. Adams.  In the space provided for plaintiff to
10 "state his claim," plaintiff has written only:  "Its [sic] filed under Civ-S-06-0449 GEB KJM
11 [CHS] P."  (ECF No. 1 at 2.)  This court's review of that other case[1] referred to by plaintiff
12 indicates that it was a habeas corpus action that he filed pursuant to 28 U.S.C. § 2254, which was
13 denied on the merits on January 20, 2009.  In the instant case, in the space provided for plaintiff
14 to describe the relief he requests, plaintiff states:  "A reversal, my name cleared, a[n] attorney to
15 help me at the federal level."  (ECF No. 1 at 2.)

16     The undersigned notes that plaintiff recently filed another habeas corpus action in this
17 court, alleging ineffective assistance of counsel.  See Bolton v. Adams, Case No. 2:14-cv-00854
18 JAM KJN P.  The assigned magistrate Judge in that habeas action issued findings and
19 recommendations on June 3, 2014, recommending dismissal of that action for failure to exhaust
20 the claims in state court.  (Id., ECF No. 7.)

21     In the instant civil rights action, it is clear that plaintiff is again attempting to challenge the
22 same judgment of conviction identified in his other cases filed with this court.  However, a civil
23 rights action is not the appropriate vehicle.  Plaintiff is directed to the court's instructions for
24 /////

25

---

26 [1] This court may take judicial notice of its own records and the records of other courts.  See
   United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631
27 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts
   that are capable of accurate determination by sources whose accuracy cannot reasonably be
28 questioned).

2

1  pursuing his habeas corpus claims, set forth in Bolton v. Adams, Case No. 2:14-cv-00854 JAM

2  KJN P (ECF No. 7).

3       The undersigned finds that the instant action is frivolous, and fails to state a potentially

4  cognizable claim, and that amendment of the complaint would be futile.  See Ramirez v. Galaza,

5  334 F.3d 850, 861 (9th Cir. 2003) (leave to amend may be denied if "the pleading could not

6  possibly be cured by the allegation of other facts") (citation and internal quotation marks

7  omitted).

8       Because the undersigned recommends that this action be dismissed, the several motions

9  filed by plaintiff in this action will be denied.

10      Accordingly, IT IS HEREBY ORDERED that:

11      1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 5), is denied

12  without prejudice to his seeking in forma pauperis status in any other case filed in this court.

13      2.   Plaintiff's motion for an extension of time within which to file an action in the Butte

14  County Superior Court (ECF No. 6), is denied as irrelevant to this federal civil rights action.

15      3.  Plaintiff's motion for appointment of counsel (ECF No. 7), is denied due to the

16  frivolous nature of this action, and the resulting inability of plaintiff to demonstrate exceptional

17  circumstances warranting such appointment of counsel, see Palmer v. Valdez, 560 F.3d 965, 970

18  (9th Cir. 2009).

19      Further, IT IS HEREBY RECOMMENDED that:

20      1.  This action be dismissed as frivolous and for failure to state a claim.

21      These findings and recommendations are submitted to the United States District Judge

22  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

23  after being served with these findings and recommendations, plaintiff may file written objections

24  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

25  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

26  /////

27  /////

28  /////

time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 1, 2014

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bolt0829.3d